IN THE UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF TENNESSEE COUNTY
JACKSON DIVISION

| | |
|---|---|
| NIKITA JONES,<br><br>    Plaintiff,<br>vs.<br><br>JOSHUA S. JOHNSTON, HARDY BROTHERS, INC., and HB LOGISTICS, LLC.<br><br>    Defendants. | No.<br>JURY DEMAND |

## COMPLAINT

Your Plaintiff, for cause of action against the Defendants, would respectfully show unto this Honorable Court the following:

### JURISDICTION and VENUE

1. Plaintiff, NIKITA R. JONES, is a citizen and resident of Nashville, Davidson County, Tennessee and submits herself to the jurisdiction and venue of this court for the purpose of prosecuting this action.

2. Based upon information and belief, Defendant, JOSHUA S. JOHNSTON, is a citizen and resident of Pinnacle, Stokes County, North Carolina, and submits himself to the jurisdiction and venue of this court by virtue of having operated a motor vehicle in the county complained of herein.

3. Based upon information and belief, Defendant, HARDY BROTHERS, INC., is a North Carolina corporation with its principal place of business located at 6406 Siloam Road, Siloam, Surry County, North Carolina,. Defendant, HARDY BROTHERS, INC., can be served through its registered agent: Eddie Hardy at 6406 Siloam Road, Siloam, North Carolina, 27047-9145.

4. Defendant, HARDY BROTHERS, INC., is subject to the jurisdiction and venue of this court by being an owner of the vehicle operated by Defendant, JOSHUA S. JOHNSTON.

5. Defendant, JOSHUA S. JOHNSTON, was an employee or agent of Defendant, HARDY BROTHERS, INC., at all relevant times.

6. Based upon information and belief, Defendant, JOSHUA S. JOHNSTON, was at all relevant times an authorized agent and/or representative of Defendant, HARDY BROTHERS, INC., doing the business of Defendant, HARDY BROTHERS, INC., and in the course and scope of employment with Defendant, HARDY BROTHERS, INC.. Wherefore, Defendant, HARDY BROTHERS, INC., is and should be held liable for the negligent acts and omissions of Defendant, JOSHUA S. JOHNSTON, as alleged herein.

7. At all times relevant hereto Defendant, HARDY BROTHERS, INC., was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to respondent superior, agency or similar theory of law.

8. Based upon information and belief, Defendant, HB LOGISTICS, LLC, is a North Carolina limited liability company with its principal place of business located at 6406 Siloam Road, Siloam, Surry County, North Carolina,. Defendant, HB LOGISTICS, LLC., can be served through its registered agent: Eddie Hardy at 6406 Siloam Road, Siloam, North Carolina, 27047-9145.

9. Defendant, HB LOGISTICS, LLC., is subject to the jurisdiction and venue of this court by being an owner of the vehicle operated by Defendant, JOSHUA S. JOHNSTON.

10. Defendant, JOSHUA S. JOHNSTON, was an employee or agent of Defendant, HB LOGISTICS, LLC., at all relevant times.

11. Based upon information and belief, Defendant, JOSHUA S. JOHNSTON, was at all relevant times an authorized agent and/or representative of Defendant, HB LOGISTICS, LLC., doing the business of Defendant, HB LOGISTICS, LLC., and in the course and scope of employment with Defendant, HB LOGISTICS, LLC. Wherefore, Defendant, HB LOGISTICS, LLC., is and should be held liable for the negligent acts and omissions of Defendant, JOSHUA S. JOHNSTON, as alleged herein.

12. At all times relevant hereto Defendant, HB LOGISTICS, LLC., was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to respondent superior, agency or similar theory of law.

## JURISDICTION AND VENUE

13. There is diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000. The personal injury motor vehicle collision which is the subject of this litigation occurred in Lexington, Henderson County. Defendants, HARDY BROTHERS INC., and HB LOGISTICS, LLC., authorized Defendant, JOSHUA S. JOHNSTON to conduct its business in Lexington, Henderson County, Tennessee. Therefore, subject matter jurisdiction, personal jurisdiction, and venue are proper in this Court.

## OCCURRENCE GIVING RISE TO ACTION

14. On September 25, 2017, at approximately 9:50 pm, a collision occurred on I-40 @ mm100.30, in Lexington, Henderson County, Tennessee, between a 2000 Honda Accord Gold operated by Roc-M L. Nesbitt in which Plaintiff, NIKITA R. JONES, was a passenger, and a 2017 Kenworth TT operated by Defendant, JOSHUA S. JOHNSTON.

15. At said date, time, and place, the vehicle which Plaintiff, NIKITA R. JONES, occupied was traveling westbound on I-40 in lane two. The vehicle operated by Defendant, Joshua S. Johnston was traveling westbound on 1-40 in lane two behind the 2000 Honda Accord. The vehicle operated by Defendant, JOSHUA S. JOHNSTON, struck the 2000 Honda Accord which Ms. Nikita Jones was a passenger in with its right front causing the Accord to slide of the right side of the road into the grass.

## ALLEGATIONS OF NEGLIGENCE

16. Defendant, JOSHUA S. JOHNSTON, was then and there negligent in that he was failing to obey traffic laws; was driving on roadways laned for traffic; was following a vehicle too closely; was driving over the speed limit; was driving in a reckless manner; and failed to keep

3

vehicle under due and reasonable control without regard for the safety of the public in general, and your Plaintiff in particular.

17. Defendant, JOSHUA S. JOHNSTON, was further guilty of negligence per se in that he violated the following statutes of the Tennessee Code Annotated:

> §55-8-103. **Required obedience to traffic laws - Penalty**. It is unlawful and, unless otherwise declared...it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title...
>
> §55-8-123. **Driving on roadways laned for traffic**. Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety...
>
> §55-8-124. **Following too closely**. (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.
>
> §55-8-152. **Speed Limit Penalties**. (a) Except as provided in subsection (c), it is unlawful for any person to operate or drive a motor vehicle upon any highway or public road of this state in excess of sixty-five miles per hour (65 mph).
>
> §55-10-205. **Reckless Driving**. --(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
>
> §55-8-136. **Drivers to exercise due care**...(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with another motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

18. At said date, time and place, Defendant, JOSHUA S. JOHNSTON, violated Tennessee Code Annotated §55-8-103, §55-8-123, §55-8-124, §55-8-152, §55-10-205, and §55-8-136.

19. Defendants, HARDY BROTHERS, INC., and HB LOGISTICS, LLC., were further guilty of negligence per se in that it violated one or more sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), which can be found at 49 C.F.R. sections 301 to 399 either directly or as adopted by the Tennessee Department of Transportation Safety Rules and

4

Regulations sections 1340-6-1-20 pursuant to Sections 65-2-102 and 65-15-113 of the Tennessee Code.

20. Upon information and belief, Defendants, HARDY BROTHERS, INC., and HB LOGISTICS, and/or their affiliates under common or overlapping ownership, management and/or control own the vehicle operated by Defendant, JOSHUA S. JOHNSTON, at the time of the accident referenced herein. These Defendants negligently entrusted the vehicle to a motor carrier and/or operator that it knew or should have known could not be relied upon to use it safely and failed to properly inspect, maintain and repair the truck while it was in use thereafter.

21. Upon information and belief, Defendants, HARDY BROTHERS, INC., and HB LOGISTICS LLC., were their affiliates knew, or in the exercise of reasonable care should have known, that Defendant, JOSHUA S. JOHNSTON, to whom the vehicle was entrusted, did not make reasonable efforts to comply with applicable Federal Motor Carrier Safety Regulations and did not have management practices in place to properly screen, qualify and supervise their drivers and/or to safely maintain their equipment during intervals between scheduled maintenance.

22. Defendants, HARDY BROTHERS, INC., and HB LOGISTICS, LLC., are responsible for the negligent acts and/or omissions of Defendant, JOSHUA S. JOHNSTON, under what is known as <u>respondeat superior</u>, which makes an employer responsible for the negligence of its employees, under Tennessee law and under the FMCSRs at 49 C.F.R. section 390.5.

23. Defendants, Defendants, HARDY BROTHERS, INC., and HB LOGISTICS, LLC., were also negligent in regard to the collision in the following ways:

    a. negligently hiring Defendant, JOSHUA S. JOHNSTON, to drive a tractor-trailer;

    b. negligently training Defendant, JOSHUA S. JOHNSTON, to drive a tractor-trailer;

    c. negligently retaining Defendant, JOSHUA S. JOHNSTON, to drive a

5

tractor-trailer;

d.   negligently supervising Defendant, JOSHUA S. JOHNSTON, to drive a tractor-trailer;

e.   failing to use due care with regard to Defendant, JOSHUA S. JOHNSTON.

24.   Defendants, HARDY BROTHERS, INC., and HB LOGISTICS, LLC., are the sole owner of the tractor trailer being driven by Defendant, JOSHUA S. JOHNSTON, at all relevant times listed herein.

25.   The negligence of Defendants by violation of the statutes and as set out in the common law, constituted the proximate cause of the said collision and of the injuries and damages to your Plaintiffs as set out below. The acts and omissions of Defendants were wanton, willful, and demonstrated gross disregard of public safety and the safety of Plaintiffs in particular.

## DAMAGES

26. As a direct and proximate result of said vehicular accident, Plaintiff, NIKITA R. JONES, sustained severe, permanent, and painful personal injuries from which she has incurred and shall continue to incur pain, suffering, emotional duress, and the loss of ability to participate in and enjoy the pleasures of life, for all of which she deserves to be compensated.

27. As a direct and proximate result of said vehicular accident, Plaintiff, NIKITA R. JONES, has incurred and shall continue to incur medical expenses for which she deserves to be compensated.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

A) For process to issue and be served upon the Defendants, requiring Defendants to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff, NIKITA R. JONES, against the Defendants in the amount of Five Million Dollars and 00/100 ($5,000,000.00);

C) For a jury of twelve to try this cause; and

D) For costs to be taxed to the Defendants.

Respectfully submitted:

**BART DURHAM INJURY LAW**

/s/ Blair Durham

**BLAIR DURHAM, BPR # 21453**
1712 Parkway Towers
404 James Robertson Parkway
Nashville, Tennessee 37219
(615) 242-9000 telephone
(615-254-6562) fax
blair@blairdurham.com
blair@durhamanddread.com
**Attorneys for Plaintiff, Nikita Renee Jones**